350 P.2d 147

Arthur L. CRAWFORD, Plaintiff and Appellant,

v.

LEHI IRRIGATION COMPANY, a corporation, A. Clark Nelson, R. Ward Webb, Virgil H. Peterson, Joseph E. Smith, Reed Thompson, W. H. Dansie, George A. Ricks and Randall Schow, Defendants and Respondents.

No. 9074.

Supreme Court of Utah.

March 14, 1960.

J. Rulon Morgan, Provo, Elias Hansen, Salt Lake City, for appellant.

Edward W. Clyde, Salt Lake City, Harvard R. Hinton, Lehi, for respondents.

McDONOUGH, Justice.

The plaintiff, Arthur L. Crawford, owns a tract of pasture land to the southwest of Lehi City. In the improvement of a road by the county, an old drain was moved to its present site, which is along a country road

between the plaintiff's lands and the lands owned by the defendant, Dansie. Water has flowed in this drain continuously since 1935.

On May 14, 1951, the plaintiff filed an application No. 22900 with the office of the state engineer for one second foot of water from this drain, which he identified by designating it as an "unnamed drain," to be used for irrigation and stock watering purposes. This application has been approved and is in good standing with the state engineer.

During the fall of 1950, and the spring of 1951, Lehi City was improving their drainage system, particularly the Third East Drain. This new drainage system intersected two old drains that had beneficially been used for irrigation. Lehi Irrigation Company purchased the diligence right to use the water from these two old drains. In 1953, a further improvement was made upon the city's Third West Drain. The water from the Lehi City drains was substantially increased as a result of these improvements. The outlet from both of these new city drains is at the head of the "unnamed drain."

The Lehi City Council passed a resolution authorizing defendant, Lehi Irrigation Company to file on the increased water from the city drains. It filed two applications with the office of the State Engineer on July 9, 1951. Each of the applications was for two second feet of underground water from the Third East Drain, to be used for irrigation purposes. Both of these applications have been approved and are now in good standing with the state engineer.

The plaintiff put in a diversion works in 1952, and used the water from the "unnamed drain" during that summer. During the summer of 1953, he did not use the water because the diversion works had been torn out. The diversion works placed by plaintiff, Crawford, in the drain raised the water table in defendant Dansie's land to a point near the surface of the land thereby damaging the grain and alfalfa growing on the land. Although the plaintiff's tract of land is somewhat larger than 25 acres, the arrangement of the land, the land levels, and the location of the drain make it possible for him to irrigate only 25 acres of land with the water filed upon, and this water is supplementary to water that he obtains from two irrigation companies that is also used upon this and other of his land.

In 1954 plaintiff installed a new diversion works and then used the water from the "unnamed drain" until July 17, 1954, when the Lehi Irrigation Company diverted the water away to the west through their newly installed works above plaintiff's diversion. It is because of this diversion of the water away from plaintiff's use that he sought injunctive relief and damages against the defendants, Lehi Irrigation

Company, its board of directors, and W. H. Dansie, claiming that the water diverted away includes the water which plaintiff had filed upon and to which he had prior right.

■ The appropriation of the water from a source does not exclude subsequent appropriations upon new water from the same source. If as in the case of Lehi Irrigation Company v. Jones, 115 Utah 136, 202 P.2d 892, new water flows from the source in excess to that appropriated, the new water is available for appropriation. Lehi City's improved drainage system developed new water that had not been alloted, and therefore was available for appropriation to some beneficial use. The trial court found that the plaintiff's application No. 22900 "was filed for the expressed purpose of appropriating the water which for more than 20 years had been available in the unnamed drain." His designation covered the water that had been in the drain and did not cover the new water made available by the improvement in Lehi City's drainage system. Under our statute, Sec. 73–3–2, U.C.A.1953, the application is required to designate the water being filed upon with sufficient certainty for identification. This provides the state engineer with an accurate basis for approving or disapproving applications.

The appropriation of the additional water developed by the new drainage system did not interfere with the historic flow in the "unnamed drain," which the trial court found to be one second foot up to July 1 each year, and one-half second foot after July 1 and decreed that that amount should be made available to the plaintiff.

■ In appropriating water it is necessary not only to designate the water to be appropriated, but also to have the intent to apply the water to a beneficial use,[1] to have a diversion from the natural channel by means of a ditch, canal or other structure, and to make application of it within a reasonable time to some useful purpose.[2]

■ The intent to place water, and the application of it to a beneficial use do not alone govern the distribution of water that is being appropriated. Water may not be appropriated in excess of the reasonable amount that may be used for the beneficial use designated in the application. As this court said in the case of Little Cottonwood Water Co. v. Kimball, 76 Utah 243, at pages 246–247, 289 P. 116, at page 117, "The question is important because, on the one hand, the statute ought not to be a shield of protection to prior appropriators who divert water in excess of their reasonable necessities; * * * In the arid region water

1. Utah Code Annotated 1953, Sec. 73–3–1.

2. Tanner v. Provo Reservoir Co., 99 Utah 139, 98 P.2d 695; Sowards v. Meagher, 37 Utah 212, 108 P. 1112; Utah Code Annotated 1953, Sec. 73–3–16, 73–3–17.

 

is precious, and it is the undoubted policy of the law to prevent its waste and promote its largest beneficial use. Water is a bounty of nature, and, while prior rights to its use are obtained by those who first apply it to a beneficial use, those rights are limited to the quantities reasonably necessary for the uses to which it is applied. This is a cardinal principle of law of prior appropriation."

The evidence supports the finding of the trial court that the above stated water from the "unnamed drain" is the amount which could beneficially be used upon the plaintiff's land to which it is applied. It appears that the objective of achieving the most economical use of the water will be served by the order made directing that it be used under a rotation system, and that it will result neither in hardship nor injustice to the plaintiff. Accordingly we see no basis to justify interference with the conclusion reached by the trial court in refusing to issue an injunction.

The plaintiff asks damages for the amount paid by him for the rental of water under a stipulation entered into by him and the defendant irrigation company. This agreement was that the irrigation company would pay a reasonable rental only if the schedule that was agreed upon failed to provide him with the necessary water for his irrigation purposes. The trial court did not find that the schedule was deficient in the water allocated to plaintiff and therefore concluded that the "plaintiff failed to show that he was entitled to damages." The evidence, when viewed in the light most favorable to the finding of the trial court, substantially supports the finding of the trial court, and should not be disturbed.[3]

The judgment is affirmed. Costs to defendants (respondents).

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.

---

3. See Nokes v. Continental Mining & Milling Co., 6 Utah 2d 177, 308 P.2d 954.